**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JEFFREY M. YOUNG-BEY | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-11-2034 |
| LIEUTENANT JASON HARBAUGH, et al., | * | |
| Defendants | * | |
| | *** | |

## **MEMORANDUM**

Pending is Defendant Jason Harbaugh and Keith Arnold's motion to dismiss, or in the alternative motion for summary judgment.[1] ECF No. 10. Plaintiff has not filed a response.[2] Upon review of the papers filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011).

### **Background**

Plaintiff alleges that on May 20, 2011, he was "fraudulently" placed on administrative segregation due to allegations that he was a danger to institutional security or other inmates. He states his placement occurred in retaliation for law suits he filed against defendants' co-workers and after he sought disclosure of documents under the Maryland Public Information Act. He further alleges he was housed "on death row." ECF No. 1.

The record evidence indicates that plaintiff was placed on administrative segregation at the North Branch Correctional Institution ("NBCI") on May 20, 2011, after he claimed he had

---

[1] Defendants' motion for extension of time to file their dispositive motion (ECF No. 9) is granted nunc pro tunc.

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on November 21, 2011, plaintiff was notified that defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF No. 11. Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.*

been assaulted by his cell-mate while housed on segregation.  He was due to be released from disciplinary segregation the following day.  Plaintiff was placed on administrative segregation until the Internal Investigation Unit (IIU) could investigate plaintiff's allegation.  ECF 10, Exs. 1 & 3.

On July 7, 2011, plaintiff was moved from NBCI Housing Unit #1D tier cell 12 to NBCI Housing Unit #1C tier cell 40.  *Id*.  Plaintiff was housed alone in both of these cells for his safety.  *Id*.  Death row inmates were housed at NBCI on July 7, 2011, in Housing Unit #1E.  The Death Row housing unit was separated from inmates in Housing Unit #1C by wire fencing and a locked secure door.  Death Row inmates were not permitted to intermingle with inmates from other housing units or tiers and were moved to NBCI Housing Unit #2 on July 18, 2011.  *Id*.

While assigned to administrative segregation, plaintiff was provided monthly segregation reviews.  *Id*., Ex. 3.  On July 18, 2011, case management learned the IIU investigation had been completed and plaintiff could be moved at the discretion of case management.  *Id*.  On August 29, 2011, plaintiff was moved to the Western Correctional Institution due to his having enemies at NBCI.  *Id*., Exs. 1, 2 & 3.

Defendants aver that plaintiff was not housed with death row inmates or assigned to administrative segregation for retaliatory purposes.  *Id*., Exs. 1 & 2.  Defendants indicate that plaintiff has filed only one grievance with the Inmate Grievance Office since May 20, 2011; that claim concerned property.  *Id*., Ex. 4.  As such, defendants maintain plaintiff has failed to exhaust his administrative remedies.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

A.Failure to Exhaust Administrative Remedies

The court must first examine defendants' assertion that plaintiff's case should be dismissed in its entirety due to plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Thus, the exhaustion provision plainly extends to plaintiff's allegations.  His complaint must be dismissed, unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that defendants have forfeited their right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 582 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the

BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the Administrative Remedy Procedure ("ARP") process provided by the Division of Correction to its prisoners. If this request is denied, the prisoner has ten calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office ("IGO"). *See* Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 §07.01.03.

The facts regarding plaintiff's efforts to exhaust his administrative remedies are not in dispute. Defendants have demonstrated plaintiff's failure to fully pursue administrative remedies. ECF No. 10, Ex. 4.

B.   Administrative Segregation

In the prison context a liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484 (1995). Following the reasoning of the Supreme Court in *Sandin*, the court finds no liberty violation implicated in the decisions associated with plaintiff's

placement on administrative segregation at NBCI, as it is not atypical for inmates to be placed on administrative segregation for any number of reasons. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997). There is nothing in the record which shows that the nature of plaintiff's assignment to administrative segregation comprised the atypical hardships contemplated by *Sandin* or *Beverati* and thus the assignment does not implicate a liberty interest. Further, plaintiff's transfer to NBCI does not in and of itself implicate a liberty interest; he has no entitlement to notice and an opportunity to be heard prior to his transfer because as a prisoner he has no liberty interest in being housed in any particular prison facility. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976).

Defendants have filed documentation concerning investigation of information concerning plaintiff's alleged fear for his safety. It is clear that plaintiff was placed on administrative segregation so that staff could investigate his safety concerns. Once the investigation was complete, plaintiff was removed from administrative segregation and transferred to a different facility. Plaintiff does not dispute any of the documentary evidence; rather, he baldly claims in his complaint that the move to administrative segregation was retaliatory. As a prisoner, plaintiff is not entitled to the process due to persons who remain at liberty. "Prisoners held in lawful confinement have their liberty curtailed by definition, so the procedural protections to which they are entitled are more limited than in cases where the right at stake is the right to be free from confinement at all." *Wilkinson v. Austin,* 545 U.S. 209, 225 (2005).

C.   Retaliation

In order to prevail on a claim of retaliation, plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). "'A complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleading alone.'" *Gill v. Mooney,* 824 F.2d 192, 194 (2nd Cir. 1987) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2nd Cir. 1983)); *Pierce v. King*, 918 F. Supp. 932, 945 (E.D. N.C. 1996) (conclusory allegations of retaliation insufficient to state claim).  Plaintiff offers nothing in support of his claim other than self-serving conclusory statements.  To the extent that plaintiff's complaint can be construed as alleging that the retaliatory action (placement on administrative segregation) was taken in response to plaintiff's filing cases in court or in an effort to thwart his ability to access the courts, his claim still fails as he has failed to show the requisite adversity. "[A] showing of adversity is essential to any retaliation claim." *ACLU of Maryland v. Wicomico County*, 999 F.2d 780, 785 (4th Cir.1993); *Scott v. Kelly*, 107 F.Supp 2d 706, 709 (E.D.Va. 2000).

## Conclusion

For the reasons stated above, defendants' motion to dismiss or for summary judgment shall be granted.  A separate order follows.

     February 21, 2012                              /s/
Date                                       J. Frederick Motz
                                           United States District Judge